# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 20, 2013 Session

## STATE ex rel. TANYA AINA-LABINJO v. METROPOLITAN NASHVILLE BOARD OF PUBLIC EDUCATION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 12587III      Ellen H. Lyle, Chancellor**

---

**No. M2012-01176-COA-R3-CV - Filed June 6, 2013**

---

PATRICIA J. COTTRELL, P.J., M.S., dissenting.

I concur in the majority's holdings affirming the trial court's jurisdiction and vacating the mandamus. However, I do not agree with the decision to remand the case for an evidentiary hearing on the declaratory judgment claim.

The trial court's issuance of a mandamus to the Board was based upon the trial court's holding that the Charter provisions were in effect, were not inconsistent with the statutes, and must be complied with. This holding is a declaration of the rights and duties of the parties under the statutes and charter provisions, *i.e.*, the relief available in a declaratory judgment action.

Because this holding may continue to be the position of the trial court in a remanded declaratory judgment action, because the issue presents a question of law, and because I believe the holding is erroneous, I would review and rule upon that holding.

In that review, the issue to be determined is whether the relevant statutes make the cited Charter provisions inapplicable to employees of the Board of Education. That issue presents a question of law requiring interpretation of Charter provisions and state statutes. I believe that question can be decided upon the record now before us.

I disagree with the trial court's holding that the sections of the Metro Charter are not inconsistent with governing state statutes. The pertinent statutory provisions are part of the set of statutes that govern local administration of schools. The first statute begins with a directive that it is the **duty of the Board to assign** to the director of schools certain specified duties. Tenn. Code Ann. § 49-2-301(b)(1). Among the enumerated duties that must be given to the director of schools are the provisions relevant to this appeal:

(EE) Within the approved budget and consistent with existing state laws and board polices, employ, transfer, suspend, non-renew and dismiss all personnel, licensed or otherwise [excepting tenured teachers].

(FF) All persons who are employed in a position for which no teaching license is required shall be hired at the will of the director of schools. The local board of education shall develop a policy for dismissing such employees.

The statute clearly makes non-certificated employees "at will" employees. Tenn. Code Ann. § 49-2-301(b)(1)(FF).[1] The trial court held Ms. Aina-Labinjo was in the "classified service," as that term is defined in section 12.08 of the Metro Charter, and that sections 9, 10, and 12.09 of the Charter required that the Board act as a civil service commission to hear an appeal of the termination of employment of a non-teaching employee. That interpretation gave Ms. Aina-Labinjo protected status, or civil service protection, which is inapposite to "at will" employment. Consequently, the trial court's statement that the Charter provisions are not inconsistent with the statute is, in my opinion, incorrect.

Further, the statute requires the Board to assign to the director the responsibility for dismissing school employees, including non-certificated employees. Tenn. Code Ann. § 49-2-301(b)(1)(EE). The Board cannot, by contract, policy, or otherwise, retain for itself final authority over such personnel decisions. Not only does the Board not have specific statutory authority to make the final decision on dismissal of non-certificated employees, but the statute specifically directs otherwise.

Local boards of education are creatures of state statute, and their authority is limited to that explicitly bestowed on them by statute. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001) (applying Dillon's Rule, which "is a canon of statutory construction that calls for the strict and narrow construction of local government authority"). *See, e.g., Arnwine v. Union County Bd. of Educ.*, 120 S.W.3d 804, 809 (Tenn.2003) (holding that school boards have no statutory authority to enter into multi-year contracts with "assistant superintendents" because they have no authority to enter into such contracts with teachers).

In *Marion County Bd. of Educ. v. Marion County Educ. Ass'n*, 86 S.W.3d 202, 208 (Tenn. Ct. App. 2001), this court held that the legislatively enumerated duties and powers of a director to transfer principals could not be negotiated away in a collective bargaining process. *See Carter County Bd. of Educ. v. Carter County Educ. Ass'n*, 56 S.W.3d 1 (Tenn.

---

[1] Prior to the 2011 amendment making such employees at will employees, they were hired pursuant to one-year contracts.

Ct. App. 1996) (perm. app. denied Oct. 7, 1996) (determining that the statutory duty to elect a principal is non-delegable and is not an issue subject to collective bargaining); *See also Cannon County Bd. of Educ. v. Wade*, 2008 WL 3069466, at *13 (Tenn. Ct. App. Feb. 17, 2009) (holding that an arbitration provision in a locally negotiated agreement could not be enforced or interpreted to give an arbitrator authority to decide to renew a probationary teacher's employment, which is a decision given by statute to local school officials).

Thus, we have held that a Board of Education cannot contract away to a third party any duties that are assigned to the director of schools. The principle is the same when applied to a Board policy that reserves to the Board duties that statute requires it to assign to the director of schools. Therefore, any policy that the Board might adopt that gives it final authority over a non-certificated employee's dismissal would be contrary to statute. However, that is exactly what the Charter provisions applied by the trial court do. In addition to requiring that the Board act as a civil service board to hear an employee's appeal, the Charter authorizes the Board to "modify or reverse" the director's decision. This is another inconsistency between the Charter provisions and state statute.

The trial court held that the Charter provisions constituted the only dismissal plan "in the absence of adoption of a dismissal plan as authorized by section 49-2-301(b)(1)."[2] If the Charter provisions applied by the trial court are inconsistent with state statute governing local administration of schools, they are of no force and effect. If the Board has adopted a policy pursuant to Tenn. Code Ann. § 49-2-301(b)(1) that complies with those Charter provisions, such a policy would also be unenforceable.

In other words, whether or not the Board has adopted a policy, as referenced in Tenn. Code Ann. § 49-2-301(b)(1)(FF), any policy adopted pursuant to that statute cannot give the Board authority to reverse a director's decision because the state statute requires that the Board give that authority to the director.

The only remedy requested in this lawsuit by Ms. Aina-Labinjo is an appeal to the Board that may result in a reversal of the director's decision to terminate her employment. Regardless of a policy that the Board may have adopted, the Board simply does not have the authority to adopt a policy that gives it final authority over the hiring and firing of non-

---

[2]The trial court actually speaks in terms of adoption by Metro of a dismissal plan and states that the last sentence of section (FF) requiring that "local governments 'shall develop a policy for dismissing' non-licensed employees requires action on the part of a local government, and does not by implication repeal sections 9, 10, and 12.09 of the Metro Charter." I assume the trial court meant the Board of Public Education when it referred to Metro, because state statutes specifically define the role of the local legislative body, as well as the Board, directors, and other school officials.

-3-

certificated employees. Accordingly, Ms. Aina-Labinjo is not entitled to the relief she requested, whether a policy exists or not.[3]

I would hold that the statute gives ultimate authority to the director to terminate non-certificated employees and that the statute makes them "at will" employees, both of which are contrary to the Charter. Additionally, I would dismiss Ms. Aina-Labinjo's complaint because she is not entitled to the relief she has requested.

_____
PATRICIA J. COTTRELL, JUDGE

---

[3]The Board has been statutorily directed to adopt a policy for dismissing these employees, and such a policy might include various procedural requirements, but the plaintiff here has not alleged any harm resulting from the absence of anything other than an appeal to the Board.